IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIM MURRAY, | * |
| Plaintiff, | * |
| VS. | * CASE NO.: CV-2010-268 |
| GLOBAL INTERNATIONAL (USA), INC., d/b/a GLOBAL CREDIT & COLLECTION CORP | * |
| Defendant. | * |

## COMPLAINT

COMES NOW Plaintiff, Kim Murray, (hereafter "Plaintiff") by counsel, and for her Complaint against the Defendant, alleges as follows:

### JURISDICTION

1. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1367. This action also includes state law claims as to which this Court has pendant jurisdiction.

### PARTIES

2. The Plaintiff is a natural person and resident of the Mobile County, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3. Defendant Global International, Inc. ("Global"), is a corporation formed under the laws of the State of New York and has its principal place of business in New York. Global does business as "Global Credit & Collection Corp" and is a "debt collector" as defined by the 15 U.S.C. § 1692a(6)

### FACTS

4. During the Fall of 2009, Plaintiff began receiving collection calls from Global regarding a Capital One account. On or about November 18, 2009, Plaintiff received an e-mail from

her sister explaining that she (her sister) had received a phone call from a collector with Global about a debt allegedly owed by Plaintiff. The collector insisted that the matter was urgent and that it was important that Plaintiff's sister urge Plaintiff to return the call.

5. Plaintiff works at a law firm in Mobile. That same day, November 18, 2009, Plaintiff received a phone call at work from an employee of Global who identified himself as Josh Balner. During the telephone conversation, the collector was abrasive, rude and threatened to "take" Plaintiff's property if payment was not immediately made. Plaintiff explained that she was not allowed to accept personal phone calls at work and instructed the collector not call her at work. Plaintiff also requested that the collector not contact any family members or anyone else about Plaintiff's debt. Despite Plaintiff's instruction, Defendant has since made numerous repeated calls to Plaintiff's place of employment. The collector repeatedly leaves derogatory messages on the law firm's general voice mail system and repeatedly calls requesting to speak with Plaintiff. Defendant knows that messages left on the firm's voice mail system will be retrieved by others at the firm, including potentially Plaintiff's supervisors.

6. Several times during this phone campaign, Plaintiff spoke to Global collectors and each time explained, again, that she was not allowed to take phone calls at work. Plaintiff also repeated her requests that the phone calls stop. On or about January 19, 2010, Plaintiff sent Global a letter repeating her request that the calls to her office cease.

7. Defendant has continued to harass Plaintiff with repeated and numerous phone calls at her office. Global has also made numerous and repetitious phone calls to Plaintiff's cell phone. These calls are designed to harass Plaintiff. The calls are often made before 8:00 am and after 9:00 pm.

8. Global began contacting Plaintiff and her sister prior to providing any of the written disclosures as required by the FDCPA.

## COUNT ONE
### (Fair Debt Collections Practices Act Violations)

9. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

10. This is a claim asserted against Defendant Global for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

11. Defendant Global is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The alleged debt which Global attempted to collect from Plaintiff is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. Defendant has violated the FDCPA in connection with its attempts to collect on an alleged consumer debt and its credit reporting regarding the alleged debt. Defendant's violations include, but are not limited to, the following:

   A. Communicating with third parties regarding a debt allegedly owed by Plaintiff. This is a violation of 15 U.S.C. § 1692c(b);

   B. Making repeated attempts to collect upon a debt prior to notifying Plaintiff that she has the right to dispute the validity of the debt and the right to request written verification of the debt as required by 15 U.S.C. § 1692g(a);

   C. Engaging in communication with Plaintiff, her sister and her place of employment, the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation of 15 U.S.C. § 1692d.

   D. Placing telephone calls to Plaintiff at unusual times and places known to the Defendant to be inconvenient to the Plaintiff. This is a violation of 15 U.S.C. § 1692c(1).

   E. Engaging in communication with Plaintiff at her place of employment after receiving notice that Plaintiff is not allowed to take such calls. This is a violation of 15 U.S.C. § 1692c(3).

13. All of the actions taken by Global in violation of the FDCPA occurred within one year of the filing prior to this action.

14. As a proximate result of Global's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation.

15. As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for compensatory damages, statutory damages, costs and attorneys fee, and for declaratory judgment that Defendant's conduct violated the FDCPA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Global for the following:

    A. Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation;

    B. Statutory damages pursuant to 15 U.S.C. 1692k;

    C. Declaratory judgment that Global's conduct violated the FDCPA;

    D. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k;

    E. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (Negligence)

16. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

17. The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute negligence. Plaintiff suffered damage as a proximate result of Defendant's negligence.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for

negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (Wantonness)

18. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

19. The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute wantonness. Those actions were made with a wanton, reckless or conscious disregard for Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Defendant's wantonness.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## ~~COUNT FOUR~~ FIVE
### (Invasion of Privacy)

20. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

21. The actions taken by Global in repeatedly calling Plaintiff's work place, family member and cell phone constitute a wrongful invasion of Plaintiff's privacy. Defendants' actions caused wrongful intrusion upon Plaintiff's primary work place which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame and humiliation to any person with ordinary sensibilities.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Global for invasion of privacy and award Plaintiff compensatory damages, including damages for mental

anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered

**TRIAL BY JURY IS DEMANDED.**

_____
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Telephone: (251) 432-9212
Fax Number: (251) 433-7172
E-mail: kriemer@bntech.net

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

Global International (USA), Inc.
25-25 College Point Boulevard #3
Flushing, NY 11354