IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KIM MURRAY,                                          :
                                                    :
        Plaintiff,                                  :
                                                    :
vs.                                                 :    CIVIL ACTION NO. 10-0268-CG-B
                                                    :
GLOBAL CREDIT & COLLECTION                          :
CORPORATION,                                        :
                                                    :
        Defendant.                                  :

PRELIMINARY SCHEDULING ORDER

In preparation for the entry of a Fed.R.Civ.P. 16(b) scheduling order, the parties shall comply with the following schedule pursuant to Fed.R.Civ.P. 26(f), and Local Rule 26.1:

      A.     <u>Meeting of the Parties; Report</u>.

      1.     The parties, including <u>pro</u> <u>se</u> parties, are ORDERED to meet and file a report pursuant to Fed.R.Civ.P. 26(f) as soon as practicable but not later than **September 10, 2010.**

      2.     The parties may, if the offices of their principal counsel are not within 100 miles of one another, conduct the meeting by telephone.

      3.     The report of the parties shall conform to this Court's format, a copy of which is attached to this order. The report is to include Plaintiff's brief narrative statement of the facts and the cause of action stated in each count, and Defendant's brief narrative statement of the facts and defenses, including affirmative defenses, stating the theory of each defense. **In other words, the parties are to fully state their present respective positions in plain English, given what they know about the case at this time.** This is not to be simply a restatement of the complaint and answer.

      B.     <u>Rule 26 Disclosures</u>.

      1.     <u>Required Disclosures</u>.

a.      Initial Disclosures.  Except as otherwise ordered by the Court, a party shall, without awaiting a discovery request, provide the information described in Fed.R.Civ.P. 26(a)(1)(A-D) **not later than twenty (20) days** after the meeting of the parties.

2.      Filing.  Except as otherwise ordered by the Court, disclosures under Fed.R.Civ.P. 26(a)(1), (2) and (3) shall be filed with the Court only when, and to the extent, ordered by the Court or when needed by a party in connection with a motion (or response thereto), or for use at trial.

C.      Commencement of Discovery.  Except as otherwise ordered by the Court:

1.      Formal discovery under Fed.R.Civ.P. 30, 31, 33, 34, and 36 may not be commenced before the meeting of the parties except in the following actions:

(a)      Actions in which a temporary restraining order or preliminary injunction is sought;

(b)      Actions in which discovery is needed to resolve a preliminary motion such as an objection to personal jurisdiction or venue.

ORDERED this 27th day of July, 2010.


SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE


By:   s/Tammy O. Thornton_____
      Deputy Clerk


2

**Local Form For Report of Parties' Planning Meeting**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


_____,                    :

     Plaintiff,                                            :

vs.                                                          : CIVIL ACTION _____

_____,                    :

     Defendant.                                          :

<u>REPORT OF PARTIES' PLANNING MEETING</u>

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on (<u>date</u>) at (<u>place</u>) and was attended  by:
(<u>name</u>) for plaintiff(s)
(<u>name</u>) for defendant(s) (<u>party name</u>)
(<u>name</u>) for defendant(s) (<u>party name</u>)

The parties [request] [do not request] a conference with the court before entry of thescheduling order.

1.      Plaintiff's brief narrative statement of the facts and the cause of action stated in each count, and defendant's brief narrative statement of the facts and defenses, including affirmative defenses, stating the theory of each defense.  **In other words, the parties are to fully state their present respective positions in plain English, given what they know about the case at this time.**   This is not to be simply a restatement of the complaint and answer.

2.      This [jury] [non-jury] action should be ready for trial by (<u>date</u>) and at this time is expected to take approximately (<u>length of time in days excluding jury selection</u>).

3.      The parties request a pretrial conference in (<u>month and year</u>).

4.       Discovery Plan.  The parties jointly propose to the court the following discovery plan: [Use separate paragraphs or subparagraphs as necessary if parties disagree.]
     Discovery will be needed on the following subjects:  (<u>brief</u> description of subjects on which discovery will be needed).
     All discovery commenced in time to be completed by (<u>date</u>). [Discovery on (<u>issue for early discovery</u>) to be completed by (<u>date</u>).]

5.       Initial Disclosures.    The parties [have exchanged] [will exchange by (<u>date</u>)] the information required by Fed.R.Civ.P. 26(a)(1).

6.      The parties request until (<u>date</u>) to join additional parties and amend the pleadings.

7.      Reports from retained experts under Rule 26(a)(2) due:
        from plaintiff(s) by (<u>date</u>).
        from defendant(s) by (<u>date</u>).

8.      Pretrial Disclosures.  Final lists of witnesses and exhibits under Rule 26(a)(3)
        due by (<u>date</u>).

9.      Discovery Limits.
        Maximum of ___ interrogatories by each party to any other party.  Responses due
        ___ days after service.
        Maximum of ___ depositions by plaintiff(s) and ___ by defendant(s).  Each
        deposition limited to maximum of ___ hours unless extended by agreement of
        parties.
        Maximum of ___ requests for admission by each party to any other party.
        Responses due ___ days after service.
        Maximum of ___ requests for production of documents by each party to any other
        party.  Responses due ___ days after service.

10.     All potentially dispositive motions filed by (<u>date</u>).

11.     Settlement [is likely] [is unlikely] [cannot be evaluated prior to (<u>date</u>)] [may be
        enhanced by use of the following alternative dispute resolution procedure:  [___].

12.     [Other matters.]

Date:  _____

Signature[1]_____          Signature[1]
Name                           Name
Counsel for Plaintiff          Counsel for Defendant
Address                        Address
Telephone Number               Telephone Number

---

[1] Signatures may be electronically affixed (i.e. s/Judith Attorney) and, with consent so
stated after the signature, counsel may electronically sign for other counsel (i.e. s/John Attorney,
by consent).

4

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

## NOTICE OF RIGHT TO CONSENT TO THE EXERCISE OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE AND APPEAL OPTION

**ACTIVE JUDGES:**        Callie V. S. Granade-CG; William H. Steele-WS; Kristi K. DuBose-KD
**SENIOR JUDGES:**        Charles R. Butler, Jr. -CB
**MAGISTRATE JUDGES:**  William E. Cassady-C;  Bert W. Milling, Jr.-M; Sonja F. Bivins-B; Katherine P. Nelson-N

The policy of this court is to assign each newly filed civil action a number accompanied by letter suffixes which reflect the initial(s) of the assigned District Judge followed by the initials of the assigned Magistrate Judge (i.e. CIVIL ACTION 04-0001-CB-C would be assigned to Judge Butler and Magistrate Judge Cassady).

In accordance with the provisions of 28 U.S.C., Sec. 636(c), the United States Magistrate Judges of this district, in addition to their other duties, upon the consent of all parties in a civil case, may conduct any or all proceedings including a jury trial or non-jury trial, and order the entry of a final judgment.

Your decision to consent, or not, to the referral of your case to a United States Magistrate Judge must be entirely voluntary, as provided in Rule 73(b), F.R. Civ. P.

Pursuant to the provisions of 28 U.S.C., Sec. 636(c)(3), any appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from any other judgment of the district court.

A copy of the court's form *Consent to Jurisdiction by a United States Magistrate Judge* is attached and is also available from the clerk of court.

**CHARLES R. DIARD, JR., CLERK**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ALABAMA**